Tanya E. Moore, SBN 206683
K. Randolph Moore, SBN 106933
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046

Attorneys for Plaintiff
Cecil Shaw

FILED
2011 JUN 30 AM 10: 54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CECIL SHAW,

    Plaintiff,

vs.

CARDENAS MARKETS, INC. DBA CARDENAS MARKET NO. 13; R AND B INVESTMENT, INC.,

    Defendants.

No. CV 11 - 05437 DSF (JEMx)

PLAINTIFF'S COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)

FILED BY FAX
CRC 2005

## I.  SUMMARY

1. This is a civil rights action by plaintiff Cecil Shaw ("Shaw") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Cardenas Market #13
1475 S. San Jacinto Avenue
San Jacinto, CA  92583
(hereinafter "the Facility")

2. Shaw seeks damages, injunctive and declaratory relief, attorney fees and costs, against CARDENAS MARKETS, INC. DBA CARDENAS MARKET NO. 13, R AND B INVESTMENT, INC. (hereinafter referred to as "Defendants"), pursuant to the

//

Shaw v. Cardenas Markets, Inc. et al
Complaint

Page 1

1  Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related
2  California statutes.

## II.   JURISDICTION

3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.   Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.   Shaw's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.   All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7.   Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.   Shaw requires use of a wheelchair when travelling about in public. Consequently, Shaw is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.   The Facility is a public accommodation facility serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.   Shaw visited the Facility and encountered barriers (both physical and intangible) that interfered with – if not outright denied – Shaw's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Shaw personally encountered the following barriers at the Facility:

//
//

*Shaw v. Cardenas Markets, Inc. et al*
Complaint

    a)    While visiting the Facility, Shaw attempted to use the illegal built up ramp at the entrance to the Facility and discovered that it was too steep for him to navigate in his wheelchair without assistance;

    b)    The configuration of the restroom facility prevented Shaw, in his wheelchair, from using the restroom because insufficient wheelchair clearances were provided.

11.    Shaw was, and continues to be, deterred from visiting the Facility because he knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Shaw due to his physical disabilities. Shaw continues to be deterred from visiting the Facility because of the future threats of injury created by these barriers due to his physical disabilities including, but not limited to:

    a)    Missing and/or incorrect warning signage is installed at the parking facilities;

    b)    Accessible parking spaces and access aisles are not properly configured and/or exceed the maximum slope allowed;

    c)    Parking spaces and/or access aisles reserved for persons with disabilities are improperly marked and/or identified;

    d)    There is no properly configured and/or identified accessible route provided within the boundary of the site;

    e)    There are no sufficient clearances provided for a wheelchair inside the Facility;

    f)    There is no accessible restroom provided;

    g)    There is no accessible seating provided.

Shaw enjoys the goods and services offered at the Facility, lives nearby, and will return to the Facility once the barriers are removed.

12.    Defendants knew or should have known that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility

//

*Shaw v. Cardenas Markets, Inc. et al*
Complaint

accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility, to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

14. Shaw incorporates the allegations contained in paragraphs 1 through 13 for this claim.

15. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

16. Defendants discriminated against Shaw by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

17. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

//

18. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

19. Here, Shaw alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct and Accessible Facility

21. Shaw alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

22. The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

23. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Shaw – when it was structurally practical to do so.[1]

Failure to Make an Altered Facility Accessible

24. Shaw alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

25. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

//

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.
Shaw v. Cardenas Markets, Inc. et al
Complaint

facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

26. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Shaw – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

27. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

28. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

29. Shaw seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

30. Shaw also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

31. Shaw incorporates the allegations contained in paragraphs 1 through 30 for this claim.

32. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

33. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone

*Shaw v. Cardenas Markets, Inc. et al*
Complaint

facilities, places of public accommodation, and other places to which the general public is invited.

34. Both sections specifically incorporate (by reference) an individual's rights under the ADA. *See* Civil Code §§ 54(c) and 54.1(d).

35. Here, Defendants discriminated against the physically disabled public – including Shaw – by denying them full and equal access to the Facility. Defendants also violated Shaw's rights under the ADA, and therefore, infringed upon or violated (or both) Shaw's rights under the Disabled Persons Act.

36. For each offense of the Disabled Persons Act, Shaw seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

37. Shaw also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and costs incurred under California Civil Code §§ 54.3 and 55.

## VIII.   THIRD CLAIM
### Unruh Civil Rights Act

38. Shaw incorporates the allegations contained in paragraphs 1 through 37 for this claim.

39. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

40. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

41. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

//

*Shaw v. Cardenas Markets, Inc. et al*
Complaint

42. Defendants' aforementioned acts and omissions denied the physically disabled public – including Shaw – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

43. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Shaw by violating the Unruh Act.

44. Shaw was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

45. Shaw also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

46. Shaw incorporates the allegations contained in paragraphs 1 through 45 for this claim.

47. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

48. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

49. Shaw alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

50. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Shaw and other persons with physical disabilities. Accordingly, Shaw seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

//

## X. PRAYER FOR RELIEF

WHEREFORE, Shaw prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.
4. Attorneys' fees, litigation expense, and costs of suit.[2]
5. Interest at the legal rate from the date of the filing of this action.
6. For such other and further relief as the Court deems proper.

Dated: June 24, 2011

MOORE LAW FIRM, P.C.

*Tanya Moore*

Tanya E. Moore
Attorneys for Plaintiff,
Cecil Shaw

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Shaw v. Cardenas Markets, Inc. et al*
Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV11- 5437 DSF (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
K. Randolph Moore, SBN 106933
Tanya E. Moore, SBN 206683
332 North Second Street
San Jose, CA 95112

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| CECIL SHAW, PLAINTIFF(S) | CV 11 - 05437 DSF (JEMx) |
| v. | |
| CARDENAS MARKETS, INC. DBA CARDENAS MARKET NO. 13; R AND B INVESTMENT, INC., DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): Cardenas Markets, Inc. dba Cardenas Market No. 13, R and B Investment, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Tanya E. Moore__, whose address is __332 North Second Street, San Jose, CA 95112__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: __JUN 30 2011__    By: __L. MURRAY__
                              Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)          SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

CECIL SHAW

**DEFENDANTS**

CARDENAS MARKETS, INC. DBA CARDENAS MARKET NO. 13; R AND B INVESTMENT, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Tanya E. Moore, SBN 206683
332 North Second Street
San Jose, CA 95112

**Attorneys (If Known)**

FILED BY FAX
CRC 2005

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 12101, et seq. – Violations of the ADA Construction Standards

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | | ☒ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

CV 11 - 05437 DSF (JEMX)

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    JUN 30 2011    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Tanyja Moore    Date June 28, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |